IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAWERANCE E. HACK,

Plaintiff,

v.

JEAN HILL, Superintendent SRCI,

Defendants.

CV. 07-1392-AC

FINDINGS AND RECOMMENDATION

---

ACOSTA, Magistrate Judge:

*Opinion/Findings and Recommendation*

Lawerance E. Hack ("Hack"), appearing *pro se*, is an individual in the custody of the Oregon Department of Corrections (the "Department") and is currently housed at the Snake River Correctional Institution. Before the court is defendant Jean Hill's ("Hill"), motion to dismiss Hack's claims pursuant to Fed. R. Civ. P. 12(b) on the basis that Hack failed to exhaust his administrative remedies. For the following reasons, Hill's motion should be granted and Hack's complaint should be dismissed without prejudice.

*Background*

Hack alleges that Officers Garcia and Flores[1] engaged in conduct which disrespected, belittled, and humiliated Hack after Garcia reported hearing Hack make sexually inappropriate comments in Spanish to his seven-year old daughter during a noncontact visit. Hack also alleges that Garcia disclosed private information about Hack to other inmates which placed Hack in substantial danger and resulted in physical injuries. Hack asserts that the conduct of Garcia and Flores violated his civil rights under 42 U.S.C. § 1983 and his rights to equal protection under the Eight Amendment.

Hack filed various grievances in May 2005 complaining about the conduct of various officers. Initially, Hack filed two grievances against Garcia for conduct which occurred after Hack's alleged inappropriate comments to his daughter. The grievances were consolidated and assigned Grievance No. 2005-05-002. Garcia responded to the grievance, denying the allegations. In early July 2005, Hack forwarded an incomplete Grievance Appeal Form to Teresa Hicks, the grievance coordinator at Snake River Correctional Facility. Hicks returned the appeal form to Hack and instructed him in writing to resubmit it with the original grievance and response. Hack never resubmitted the appeal form.

On the same day, Hack filed a grievance (Grievance No. 20005-05-006) asserting that Flores threatened him. Flores denied the allegation, indicating that he was not working in Hack's unit on the date he allegedly threatened Hack. Hack did not file an appeal form but did request information on the status of the grievance on July 1, 2005. Hicks informed Hack in writing that he needed to file

---

[1]Hack references an Officer Forbes in his complaint. However, it appears from the record that the officer in question was actually Officer Flores.

a complete appeal packet. Hack never submitted the appeal.

Hack then filed a grievance (Grievance No. 2005-05-008) against Officer Anderson for harassment, which was returned to Hack based on his failure to follow the informal preliminary procedures required by Rule 109.[2] Finally, Hack filed a grievance (Grievance No. 2005-05-020) against Flores for disclosing private information about Hack's criminal charges to other inmates. In the grievance, Hack noted that he was currently filing a lawsuit against the institution, Garcia, and possibly Flores. Hicks returned the grievance to Hack pursuant to Rule 109 which states that "[t]he Department will not process grievances on claims or issues that the inmate is pursuing in pending litigation in the courts." (Hicks Aff. Attach. 7 at 1).[3]

*Discussion*

Hill asserts that Hack failed to resolve his claims through the Department's grievance system as required by the Prison Litigation Reform Act (42 U.S.C. § 1997e)(the "Act"). Accordingly, Hill argues that Hack failed to exhaust his administrative remedies before he filed this action on September 21, 2007, and that he is barred from pursuing his claims.

The Act provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2006). Failure to exhaust is an affirmative defense that defendants have the burden of raising and proving. *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 921 (2007); *Wyatt v. Terhune*, 315

---

[2]These rules are set forth at Or. Admin. R. 291-109-0120(2).

[3]It appears that Hack resubmitted Grievance No. 2005-05-008 and that it was also rejected based on his filing of a lawsuit in federal court.

F.3d 1108, 1119 (9th Cir. 2003). The defense is subject to an unenumerated Rule 12(b) motion in which the court may look beyond the pleadings and decide disputed issues of fact. *Id*. at 1120.

When a prisoner has not exhausted nonjudicial remedies, the court should dismiss the claim without prejudice. *Id*. The prisoner must exhaust all available remedies, even if the remedies are not "plain, speedy, and effective," and even if the prisoner seeks relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002)(The Act's exhaustion requirement applies to all prisoner suits about prison life, whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong).

In Oregon, grievances are processed in accordance with the Department's Administrative Rules for Inmate Communication and Grievance Review System. Inmates may grieve: (1) the application of, or lack of, any administrative directive or operational procedure; (2) unprofessional behavior or action directed toward an inmate by an employee or volunteer; and (3) any oversight or error affecting an inmate. Or. Admin. R. 291-109-0140(2)(a) (2003). Inmates are required to talk first to line staff as their primary way to resolve disputes and, if not satisfied, to use a written inmate communication form. Or. Admin. R. 291-109- 0120(2)(a)(A) and (B) (2003). If this does not resolve the issue, the inmate can file a grievance if he complies with the rules and no other review process is available. Or. Admin. R. 291-109-0140(1)(a) and (2)(b)(B) (2003).

To file a grievance, an inmate completes a grievance form. If the matter is not an emergency, the inmate must complete the grievance form within 30 days of the incident. Or. Admin. R. 291-109-0140(3) (2003). Once the grievance coordinator processes the grievance, it is forwarded to the staff respondent to complete the grievance response form which is then provided to the inmate along with the grievance form. Or. Admin. R. 291-109-0140(4) (2003).

An inmate can appeal a grievance response to the functional unit manager by completing a grievance appeal form and filing it with the grievance coordinator within 14 days of receipt of the response. Or. Admin. R. 291-109-0140(5)(a) (2003). If still not satisfied, the inmate can appeal the functional unit manager's decision by completing another grievance appeal form and filing it with the grievance coordinator within 14 days. This final appeal is decided by an assistant director having authority over the issue. Or. Admin. R. 291-109-0140(5)(b) (2003).

Inmates are informed of the grievance process upon their initial arrival at a facility an inmate in Admission and Orientation ("A&O"). If an inmate is unable to attend the A&O session for some reason, makeup classes are offered. The information presented at A&O is also contained in the inmate handbook provided to every inmate at every institution. Furthermore, grievance forms are available from housing officers and at various central locations throughout the institution. (Hicks Aff. ¶ 4).

While the record shows that Hack filed several grievances arguably related to the allegations contained in his complaint, he never pursued any one of them past the informal communication or initial grievance stage. Hack has failed to exhaust the remedies afforded him by the Department's grievance process and is, therefore, barred from litigating his claims in this court at this time.

*Conclusion*

Hill's motion (#14) to dismiss should be GRANTED and Hack's complaint should be dismissed without prejudice.

Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than **June 24, 2008**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 9th day of June, 2008.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge